## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANIEL O'NEILL,

       Plaintiff,

vs.                                                                              No. CIV 11-0858 JB/GBW

FORMER DICTATOR AND
WARDEN LAWRANCE JARAMILLO,
MANUEL PACHECO, WARDEN,
DWAYNE SANTISTEVAN, DEPUTY WARDEN,
MICHAEL GATTI, UNIT MANAGER,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's: (i) Declaration in Support of

Motion to Proceed in Forma Pauperis, filed September 22, 2011 (Doc. 2)("IFP Motion"); (ii) Motion

for Appointment of Counsel, filed September 22, 2011 (Doc. 3)("Motion to Appoint Counsel #1"); 

(iii) Motion for Appointment of Counsel, filed October 3, 2011 (Doc. 5)("Motion to Appoint

Counsel #2"); and (iv) Motion to Dismiss Civil Action, filed October 14, 2011 (Doc. 7)("Motion

to Dismiss").  The primary issues are: (i) whether the Court should permit Plaintiff Daniel O'Neill

to proceed in forma pauperis; (ii) whether the Court should appoint counsel for O'Neill; and

(iii) whether the Court should dismiss Defendant Michael Gatti and Patrick Lovato from this suit.

The Court will grant the IFP Motion, will deny the motions for appointment of counsel, and will

grant in part and deny in part the Motion to Dismiss.

The Court has reviewed the financial affidavit O'Neill included as part of his IFP Motion.

Given O'Neill's incarceration and the information regarding his financial resources contained in the

affidavit, the Court concludes that there is good cause to support permitting him to proceed in forma

pauperis.  O'Neill appears to, because of his poverty, lack the ability to pay or give security for costs and still be able to provide himself with the necessities of life.  See 28 U.S.C. § 1915; Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  Consequently, the Court will grant the IFP Motion.

The Court weighs certain factors when considering a motion for appointment of counsel in a civil rights case, including "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)(quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991)).  Accordingly, the Court has reviewed the Complaint, filed November 22, 2011 (Doc. 1), in light of the foregoing factors and finds that O'Neill understands the issues in the case and appears to be representing himself in an intelligent and capable manner.  See Lucero v. Gunter, 52 F.3d 874, 878 (10th Cir. 1995).  His Complaint and motions indicate that he has the capacity to present his claims to the Court in a sufficiently cogent manner despite his lack of legal training.  Next, it is somewhat early to determine the merits of O'Neill's asserted claims, so that factor is neutral in this analysis.  The nature of the factual issues and the complexity of the legal issues raised in his claims, which revolve primarily around his dispute with some prison officials, are not ones that would require expert testimony or expert assistance, which can weigh in favor of appointment of counsel so that the attorney can assist the litigant in presenting that evidence and locating an expert.  See Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004).  Likewise, O'Neill does not appear to face any abnormal barriers beyond his incarceration that would prevent him from prosecuting this lawsuit.  See McCarthy v. Weinberg, 753 F.2d 836, 839 (10th Cir. 1985)(holding that a district court should have appointed counsel for a prisoner with multiple sclerosis attending court in a wheelchair who had

diminished eyesight, hearing, and ability to communicate, and needed to present complex medical issues requiring expert opinion). Consequently, because the applicable factors weigh against appointment of counsel, the Court will deny O'Neill's motions for appointment of counsel.

In O'Neill's Motion to Dismiss, he asks the Court to dismiss his claims against Gatti and a non-party named Patrick Lovato. Neither the Complaint nor the docket makes reference to a Patrick Lovato. Consequently the Court will deny the motion as moot with respect to him. Gatti has not appeared in this action. Thus, he has expressed no opposition to the Motion to Dismiss. Because the Court believes that granting the Motion to Dismiss as to O'Neill's claims against Gatti is appropriate since O'Neill has represented that he has resolved his dispute with Gatti, the Court will grant the Motion to Dismiss as to Gatti. The Court will dismiss O'Neill's claims against Gatti.

While it is not necessary for the Court to decide this issue, it is also possible that, as to Gatti, the legal effect when O'Neill filed the Motion to Dismiss was dismissal of O'Neill's claims against Gatti. According to rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order . . . before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). O'Neill's Motion to Dismiss may constitute a notice of dismissal of his claims against Gatti. See Janssen v. Harris, 321 F.3d 998, 999-1000 (10th Cir. 2003)(construing "pro se letter . . . requesting that the case be dismissed without prejudice" as a notice under rule 41(a)(1)(A)(i)).

Judicial decisions interpreting rule 41(a)(1)(A)(i) indicate that the rule allows dismissal of claims against fewer than all opposing parties. See Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001)("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims."); Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973)("[I]t was intended by the rule-makers to permit dismissal

-3-

against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants."); Miniter v. Sun Myung Moon, 736 F.Supp.2d 41, 44 n.7 (D.D.C. 2010)("[N]one of the defendants the plaintiff purports to dismiss has filed an answer or motion for summary judgment.  Therefore, the plaintiff properly dismissed his claims against these defendants pursuant to Rule 41(a)(1)(A)(i)."); Terry v. Pearlman, 42 F.R.D. 335, 338 (D. Mass. 1967)("[T]he notice of dismissal . . . effectively dismissed the actions against all defendants except [one].").  No United States Court of Appeals for the Tenth Circuit case has addressed this issue.  The Tenth Circuit has in prior cases chosen to interpret rule 41(a)(1)(i) broadly in favor of voluntary dismissal, stating that "[u]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice."   Janssen v. Harris, 321 F.3d at 1000.

Professors Wright and Miller have recognized that the interpretation of rule 41(a) permitting a plaintiff to dismiss some, but not all defendants, from the case is the "sounder view" and that "the weight of judicial authority" supports this view.  See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2362, at 410 & n.9 (3d ed. 2008)(recognizing that the United States Court of Appeals for the Third, Fifth, Eighth, Ninth, and Eleventh Circuits permit dismissal of only some defendants under rule 41(a)).  Professor Moore has likewise recognized when discussing this rule: "The term 'action' has not been construed so broadly as to encompass the entire controversy against all parties pending before the district court, but includes only the entirety of the claims against any single defendant."  See 8 J. Moore, Moore's Federal Practice § 41.21[3][a], at 41-34 to 41-35 (3d ed. 2011).  In an opinion from 1953, the United States Court of Appeals for the Second Circuit held that a plaintiff must rely on rule 21 of the Federal Rules of Civil Procedure to dismiss some but not all defendants as opposed to rule 41(a).  See Harvey Aluminum, Inc. v. Am. Cyanamid Co., 203 F.2d 105, 108 (2d Cir. 1953)).  Specifically, the Second Circuit held:

-4-

> However, Rule 41(a)1 [sic] provides for the voluntary dismissal of an "action" not a "claim"; the word "action" as used in the Rules denotes the entire controversy, whereas "claim" refers to what has traditionally been termed "cause of action."  Rule 21 provides that "Parties may be dropped or added by order of the court on motion * * *" and we think that this rule is the one under which any action to eliminate Reynolds as a party should be taken.

Harvey Aluminum, Inc. v. Am. Cyanamid Co., 203 F.2d at 108.  A subsequent Second Circuit case distanced itself from that holding and characterized this language in Harvey Aluminum, Inc. v. American Cyanamid Co. as dicta, but avoided resolving the issue.  See Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 (2d Cir. 1985)("That decision has been criticized and is now against the weight of authority.  It is not clear that the rule laid down in Harvey Aluminum was necessary to the result in view of the fact that the party sought to be dismissed was an indispensable party and dismissal under Rule 41(a) might have been an abuse of discretion." (citations omitted)).  Several district courts in the Second Circuit have since repudiated the rule stated in Harvey Aluminum, Inc. v. American Cyanamid Co.  See Mut. Benefit Life Ins. Co. in Rehab. v. Carol Mgmt. Corp., No. 93 Civ. 7991, 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994)(Preska, J.)("That aspect of the case, however, has been criticized and rejected by courts and commentators alike, including the Court of Appeals itself.  It is no longer persuasive authority on the issue." (citations omitted)); Gen. Foods Corp. v. Jay V. Zimmerman Co., No. 86 Civ. 2697, 1990 WL 115714, at *2 n.2 (S.D.N.Y. Aug. 7, 1990)(Wood, J.)("The Second Circuit's contrary holding in Harvey Aluminum, Inc., v. American Cyanamid Co. has been criticized by the commentators, and rejected by the Second Circuit in subsequent cases." (citations omitted)).

Consequently, it appears that no circuit courts currently hold that rule 41(a)(1)(A)(i) is limited to permitting dismissal of only the entirety of a plaintiff's claims against all defendants as opposed to a plaintiff's claims against only some defendants.  Rule 1 of the Federal Rules of Civil

Procedure states: "[The rules of civil procedure] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, rule 1 would suggest that a court should not interpret rule 41(a)(1)(A)(i) as permitting dismissal of only the entirety of a plaintiff's claims against all defendants. Additionally, courts generally interpret civil statutes broadly in favor of the group whom the rule was intended to benefit -- in this case plaintiffs seeking voluntary dismissal. See Marriott v. Nat'l Mut. Cas. Co., 195 F.2d 462, 466 (10th Cir. 1952)(citing United States v. Amer. Trucking Ass'n, 310 U.S. 534, 543 (1940)). Nevertheless, the plain language of rule 41(a)(1)(A)(i) refers to the term action. Statutory construction begins with a statute's plain language. Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985). When a statute includes a term with a particular legal meaning based on prior precedent, courts presume that the drafter of the statute intended the term to have that particular legal meaning. See Clay v. United States, 537 U.S. 522, 527 (2003). Black's Law Dictionary refers to the term action as including the entirety of the case, specifically "[a] civil or criminal judicial proceeding." Black's Law Dictionary 32 (9th ed. 2009). Because it is not necessary for the Court to address this issue to resolve the Motion to Dismiss, the Court recognizes only that, pursuant to rule 41(a)(1)(A)(i), the Motion to Dismiss may have served as a voluntary dismissal of O'Neill's claims against Gatti as of the date of filing the Motion to Dismiss.

**IT IS ORDERED** that the Plaintiff's Declaration in Support of Motion to Proceed in Forma Pauperis, filed September 22, 2011 (Doc. 2), is granted, and the initial partial payment is waived. The Court will deny the following motions: (i) the Plaintiff's Motion for Appointment of Counsel, filed September 22, 2011 (Doc. 3); and (ii) the Plaintiff's Motion for Appointment of Counsel, filed October 3, 2011 (Doc. 5). The Court will grant in part and deny in part the Plaintiff's Motion to Dismiss Civil Action, filed October 14, 2011 (Doc. 7).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Daniel O, Neill
Penitentiary of New Mexico
Santa Fe, New Mexico