IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL O'NEILL,

      Plaintiff,

v.                                  Civ. No. 11-858 JB/GBW

LAWRENCE JARAMILLO, et al.

      Defendants.

**<u>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY</u>**

THIS MATTER is before the Court on Plaintiff's Motion to Disqualify Judge

Wormuth ("Motion"). *Doc. 22.* Although Plaintiff does not cite any legal bases for

disqualification, as a *pro se* litigant, his filings are liberally construed. *See Ledbetter v.*

*City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) ("Because [plaintiff] proceeds *pro se*,

we construe his pleadings liberally."). As such, the Court will consider Plaintiff's

Motion in light of the two statutes governing recusal in the Federal system. Because the

Motion fails to meet the standard of either statute, it will be denied.

*<u>Background</u>*

Plaintiff filed suit in this Court on September 22, 2011 asserting various

unconstitutional conditions of his confinement in violation of 42 U.S.C. § 1983. *Doc. 1.*

Since filing his Complaint, Plaintiff has filed an ever-increasing number of motions with

the Court seeking such relief as rescinding the reference of this case, three separate

requests to appoint counsel, and various motions for disposition of his case. *See docs. 2,*

*3, 5, 7, 11, 13, 16, 17, 18, 22.*  Aside from Plaintiff's Motion for leave to proceed *in forma pauperis*, (*doc. 20*), Plaintiff has failed to file a motion that merited granting.

One of Plaintiff's filings was a motion to dismiss Defendants Michael Gatti and Patrick Lovato.[1]  *Doc. 7.*  As basis for that motion, Plaintiff asserted that he had resolved his concerns about his confinement with those individuals.  *Id.*  The presiding judge in this matter issued an order on January 18, 2012 granting that motion as to Mr. Gatti.  *Doc. 20.*

On February 1, 2012, Plaintiff filed a motion to disqualify me in this matter.  *Doc. 22.*  As basis for that Motion, Plaintiff offers conclusory statements alleging that "political influence" is the basis for decisions being reached against him.  *See, e.g., id.* ¶ 3.  Plaintiff believes that my actions in this matter have impaired his "first Amendment of Court" – presumably meaning his right to petition the Government.  *See id.* at 3.

## <u>*Analysis*</u>

Prospective disqualification of a judge in the federal system is governed by two statutes.  *See* 28 U.S.C. §§ 144, 455.  Although a party may move under either or both statutes to recuse a judge, section 455 also contains conditions requiring *sua sponte*

---

[1] It is not altogether clear who Mr. Lovato is or what claim(s) Plaintiff believes he has brought against him.  The caption at the top of Plaintiff's Complaint bears no reference to any name resembling Mr. Lovato's.  *Doc. 1* at 1.  Likewise, the description of individuals within the Complaint does not appear to address him.  *See generally id.*

recusal in certain circumstances.  *See United States v. Cooley*, 1 F.3d 985, 992-93 (10th Cir. 1993).

### 28 U.S.C. § 144

A party may move to disqualify a judge where he believes the judge is biased. 28 U.S.C. § 144.  In order to disqualify a judge under section 144, a party must file "an affidavit of bias and prejudice [that is] timely, sufficient . . . , and accompanied by a certificate of good faith of counsel."  *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987). "[A] party may only file one such affidavit in any case."  28 U.S.C. § 144.

Once a section 144 motion is filed, the "judge shall proceed no further therein . . . ."  *Id.*  Despite this admonition, "[t]he simple filing of an affidavit does not automatically disqualify a judge."  *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).  Rather, the judge in question shall consider whether the motion is sufficient as filed.  *Id.*  Where the affidavit is, in fact, insufficient, the Court may deny the motion and continue to oversee the case.  *See, e.g., Hinman*, 831 F.2d at 938-39.

### Insufficient Form

A party seeking disqualification of a judge under section 144 must file a sufficient affidavit.  28 U.S.C. § 144.  "In order to be sufficient, the § 144 affidavit must state facts and reasons which 'give fair support to the charge of a bent mind that may prevent or impede impartiality of judgment.'"  *Peterson v. United States*, 239 Fed. App'x 428, 431 (10th Cir. 2007) (quoting *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir. 1978)).  The

liberal standard afforded to a *pro se* litigant does not excuse a *pro se* litigant from the requirement of submitting section 144 affidavits and a certificate of good faith.  *See United States v. Distefano*, 279 F.3d 1241, 1245 (10th Cir. 2002) ("In general, litigants proceeding *pro se* are held to the same procedural standards as those with counsel."); *see also Parker v. Bd. of Supervisors Univ. of La.-Lafayette*, 270 Fed. App'x 314, 316 (5th Cir. 2008) (rejecting *pro se* section 144 motion for failure to include proper affidavit and certificate of good faith).

Here, Plaintiff has not presented anything to meet the affidavit or certificate requirements.  *See generally doc. 22.*  Rather, Plaintiff has simply provided a motion with numbered statements and allegations and a request that I not proceed further in this matter.  *Id.*  This filing constitutes neither an affidavit nor a certificate of good faith. Thus, I find that Plaintiff's motion is insufficient under section 144 and should be denied.

<u>Insufficient Content</u>

Even if this Court were to disregard Plaintiff's failure to include an affidavit or a signed certificate of good faith, the Motion would still be denied because its allegations are entirely insufficient.

A party seeking dismissal of an action faces a "substantial burden."  *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).  The allegations within the motion are insufficient where they are speculative or conclusory.  *See Hinman*, 831 F.2d at 938-39.

Moreover, adverse rulings from the Court are not sufficient bases for a finding of bias. *Bray*, 546 F.2d at 857.

Plaintiff offers ten statements in his attempt to assert a basis for disqualification. *See doc. 22.* Two of these assertions amount to nothing more than statements that adverse rulings by the Court prove bias against Plaintiff. *See id.* ¶¶ 2-3. Likewise, a number of Plaintiff's statements are simply conclusory statements providing neither factual nor logical basis for assertions of bias. *See, e.g., id.* ¶ 1 ("There is evidence beyond a reasonable doubt that Judge Wormuth has always shown prejudice to Plaintiff's filing claims while incarcerated."); *see also* ¶¶ 4-6. Finally, Plaintiff makes several references to not having received case filings. *See id.* ¶¶ 7-8, 10.[2] None of the foregoing, even read liberally, meets the requisite standards for a section 144 affidavit. Thus, even if the Court disregards the form of Petitioner's allegations, the insufficiency of their content still requires finding that disqualification is not required under section 144.

<u>28 U.S.C. 455</u>

Even absent a motion, a "judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

---

[2] The Court is unable to discern what Plaintiff intends to say in his 9th numbered paragraph. Plaintiff references the loss, damage, or theft of cases and then provides a list of actions that, based on case numbering, appear not to be Federal court filings. Because Plaintiff makes no allegation regarding bias in this paragraph, it is insufficient.

questioned." *See* 28 U.S.C. § 455(a).  Specifically, section 455 includes the mandate that

a judge recuse himself "[w]here he has a personal bias or prejudice concerning a party,

or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.*

§ 455(b)(1).  Despite the significant overlap between sections 144 and 455, a judge is not

barred from considering the accuracy of allegations of bias when reviewing for section

455 purposes. *See Hinman*, 831 F.2d at 939.  "[T]he initial inquiry [in a section 455

motion] is whether a reasonable factual basis exists for calling the judge's impartiality

into question." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (emphasis

removed).

      Plaintiff has not proffered a reasonable factual basis to believe bias is present in

the current matter.  Plaintiff's principal claim appears to be that the decisions that I have

reached in this matter have been politically influenced. *See, e.g., doc. 22* ¶ 4.  Plaintiff has

offered no explanation for what exactly the political underpinning of my decisions has

been.  He does not allege involvement with a specific individual, he does not allege

what the political element at issue actually is, and he does not explain how any of the

determinations in this case demonstrated a political element.  A mere conclusory

statement about political influence does not establish a reasonable factual basis for

believing bias exists.

      Further, Plaintiff's focus on adverse rulings against him – in addition to the

Tenth Circuit's stance that these are not demonstrative of bias, *see supra* – appears to

confuse which judge in this matter has actually issued which decision.  Plaintiff alleges that I have "wrongfully dismissed" all of his claims before me.  *See doc. 22* ¶ 3.  This statement is erroneous in multiple ways.  First, Plaintiff's claims have not all been dismissed, but rather, his claims against a single defendant have been dismissed.  *See doc. 20.*  Additionally, that dismissal was granted by the presiding judge in this matter – not the undersigned.  *See id.* at 7.  Finally, the dismissal could hardly be considered an adverse action given that it was granting Plaintiff's own Motion to Dismiss.  *See doc. 7.*

Finally, Plaintiff appears to believe that the fact that he has not received copies of documents and that his complaint has not been answered is demonstrative of bias.  *See doc. 22* ¶¶ 7-8.  Plaintiff does not allege that I have been responsible for non-delivery of documents.  Nor does Plaintiff allege that I have withheld Defendants' answers to his complaint.[3] As such Plaintiff's references to unreceived or unissued documents are insufficient to create a reasonable factual basis for bias.

### *Conclusion*

Plaintiff's Motion is devoid of any statements sufficient to meet the burdens of either of the Federal judicial recusal statutes.  As such, no reason exists for my disqualification and, thus, the Motion will be denied.

---

[3] The Court does believe that Plaintiff may not have received certain documents.  The automated system that the Court utilizes to deliver filings to *pro se* plaintiffs had, apparently, been malfunctioning causing non-delivery in some cases.  The system has now been repaired and the Court has taken further measures to prevent such issues in the future.  Moreover, the Court has found that notice of this matter has not yet been delivered to Defendants and, thus, their answers have not yet been required.  To remedy this, the Court will expressly order that the Defendants be properly served.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Judge Wormuth, (*doc. 22*), is DENIED.

**IT IS FURTHER ORDERED** that the United States Marshal is directed to serve the summons and complaint (*doc. 1*) personally on the remaining defendants as directed by the Clerk.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE