IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL O'Neill,

    Plaintiff,

v.                                                                                                  Civ. 11--0858 JB/GBW

FORMER DICTATOR AND
WARDEN LAWRANCE JARAMILLO, ET AL.,

    Defendants.

## ORDER TO FILE A *MARTINEZ* REPORT

This *pro se* prisoner civil rights matter comes before the Court *sua sponte*. On September 22, 2011, Plaintiff filed a complaint with this Court under 42 U.S.C. § 1983. *Doc. 1*. Subsequently, Plaintiff filed a motion requesting, *inter alia*, that the Court dismiss his claims against Defendant Michael Gatti, and a document that the Court construed as a motion to amend his complaint. *Docs. 7, 16*. The Court granted Plaintiff's motion to dismiss Michael Gatti as a defendant and granted his motion to amend his complaint. *Docs. 20, 34*. The Court ordered that Plaintiff's complaint, (*doc. 1*), and amended complaint, (*doc. 16*), should "be read together and deemed Plaintiff's Amended Complaint[,]" (*doc. 34* at 2). Plaintiff's Amended Complaint alleges that he was mistreated in retaliation for reporting improper practices on the part of the prison administration, this his legal mail was improperly confiscated and destroyed, and that Defendants failed to properly house him in protective custody. *Docs. 1, 16*. Plaintiff

seeks injunctive relief requiring Defendants to properly handle Plaintiff's correspondence and to properly house Plaintiff in protective custody. *Doc. 16.*

Defendants' answer asserts twenty defenses to Plaintiff's complaint. *Doc. 51.* Defendants argue that Plaintiff "has failed to adequately plead and prove that he exhausted available administrative remedies with respect to his federal claims." *Id.* at 7. Defendants misplace the burden applicable to the exhaustion issue. In a suit governed by the PRLA, "[f]ailure to exhaust is an affirmative defense; a plaintiff is not required to plead or demonstrate exhaustion in the complaint." *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009); *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, Defendants have the burden of proof regarding exhaustion of administrative remedies. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendants must prove that: (1) administrative remedies were available to Plaintiff, and (2) Plaintiff failed to exhaust those remedies. *Purkey v. CCA Detention Center*, 263 F. App'x 723, 726 (10th Cir. 2008). To the extent Defendants still seek to assert this affirmative defense, the Court refers them to instruction number one (1) below.

Under *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).

The Court may use a *Martinez* Report in a variety of contexts, including ruling on a motion for summary judgment or issuing a *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Wherefore, IT IS HEREBY ORDERED that Defendants either file a summary judgment motion within 45 days of receipt of this Order or that Defendants file a *Martinez* Report (with or without a dispositive motion) within 90 days of receipt of this Order in accordance with the instructions below:

1. Defendant's comprehensive *Martinez* Report shall address all of Plaintiff's allegations as well as any defenses Defendants wish to pursue, and it should include, but is not limited to: whether documents or other records pertaining to the events exist and whether prison policies or regulations address the situation;

2. If documents and records do exist, Defendants shall include copies of them as attachments to the *Martinez* Report. The attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked;

3. Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;

4.	The submission of documents alone shall not be considered in compliance with this Order.  Defendants are also expected to prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;

5.	The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret.  As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff.  Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments.  If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below.  The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling;

6.	Plaintiff shall file and serve his response to the Defendants' Motion or Report within 30 days of its filing; and

7.	Defendants shall file and serve their reply, if any, within 14 days of the filing of Plaintiff's Response.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or <u>*sua sponte*</u>; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims. *See Hall,* 935 F.2d at 1106.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE