IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL O'NEILL,

    Plaintiff,

v.                                              Civ. No. 11-858 JB/GBW

LAWRENCE JARAMILLO,
MANUEL PACHECO,
DWANE SANTISTEVAN,
and MICHAEL GATTI.

    Defendants.

## ORDER DENYING REQUEST FOR HEARING

This matter comes before the Court on Plaintiff's "Request for Hearing[.]" *Doc. 18.* The filing is properly construed as a motion, as its title indicates Plaintiff's request that the Court order a hearing. *See* Fed. R. Civ. P. 7(b)(1)(A) ("A request for a court order must be made by motion."). The filing is very brief, and makes no argument whatsoever. *Doc. 18.* The body of the motion appears as follows:

    Assigned Judge: Honorable
    Type of Case:_____
    Jury: ___none_____
    Date of Hearing:_____
    Matters to be Heard:_____
    Time Estimated:_____

*Id.* In addition to the above-quoted text as the body of the motion, the motion contains only the case's caption, the motion's title, and a signature block including the date. *Id.*

Under Federal Rule of Civil Procedure 7, a motion must "state with particularity the grounds for seeking the order[.]" Fed. R. Civ. P. 7(b)(1)(b). "[A] motion that fails to state any grounds for relief . . . is insufficient under Rule 7(b)(1)." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236 (10th Cir. 2006). Additionally, Local Rule 7.1 states that "[a] motion must . . . state with particularity the grounds and the relief sought." D.N.M.LR-Civ. 7.1(a). Under these rules, Plaintiff bears the burden of setting forth some explanation as to why the Court should order the hearing he requests. As Plaintiff has entirely failed to satisfy his burden, and as the Court is furthermore unaware of any other law or fact of the case that would make a hearing appropriate at this time, the Court will therefore deny the motion.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiffs "Motion for Hearing[,]" (*doc. 18*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE