**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DANIEL O'NEILL,

      Plaintiff,

vs.                                          No. CIV 11-858 JB/GBW

LAWRENCE JARAMILLO,
MANUEL PACHECO,
DWANE SANTISTEVAN,
and MICHAEL GATTI.

      Defendants.

and

DANIEL O'NEILL,

      Plaintiff,

vs.                                          No. CIV 12-0054 JB/GBW

GREGG MARCANTEL, Secretary of Corrections,
JAMES LOPEZ, Warden,
LAWRENCE JARAMILLO, former Warden and
Dictator, MANUEL PACHECO, former Warden
and regime loyalist, DWANE SANTISTAVEN,
former Deputy Warden and loyalist regime,
ARCHI MARTINEZ, officer and regime loyalist,
EDDY ULTIAGA, officer and regime loyalist,[1]

      Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS**

---

[1]     The Plaintiff Daniel O'Neill's Amended Complaint, filed March 19, 2012 (Doc. 19)("Complaint"), substitutes Defendant Secretary Gregg Marcantel, New Mexico Corrections Department, Secretary of Corrections, for Defendant Alfonso Solis, and adds Defendants Lawrence Jaramillo, Manuel Pacheco, and Archi Martinez.

**THIS MATTER** comes before the Court on the Plaintiff's Motion Objecting to Dismissal of Retiation [sic], filed September 24, 2012 (Doc. 80)("Objections"), objecting to the Magistrate Judge's Order Denying Plaintiff's Motion to Stop the Defendant from Retaliating, filed September 18, 2012 (Doc. 43). The Court concludes that applicable law does not support Plaintiff Daniel O'Neill's objections, and will therefore overrule the objections.

## PROCEDURAL BACKGROUND

The Honorable Gregory B. Wormuth, United States Magistrate Judge, denied O'Neill's Plaintiff's Motion for the Defendant to Stop Retaliating, filed August 1, 2012 (Doc. 38)("Motion"),[2] because the "applicable law does not support Plaintiff's motion." Order Denying Plaintiff's Motion to Stop the Defendant from Retaliating at 1. O'Neill's Objections states: "The motion filed by Magistrate Court Judge Wormuth to dismiss the O'Neill Motion of Retiation [sic] is wrong . . . . The process was not properly handled by the Magistrate Judge Wormuth." Objections at 1. O'Neill alleges that the ruling demonstrates Judge Wormuth's bias against prisoners. See Objections at 1. O'Neill further alleges that Judge Wormuth failed to construe O'Neill's Motion in the light most favorable to him as required by law for pro se plaintiffs. Objections at 4.

## LAW REGARDING REVIEW OF MAGISTRATE JUDGES' ORDERS

Because the Judge Wormuth's order concerned a non-dispositive matter, this Court can set it aside only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). See also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it

---

[2] O'Neill filed this motion in No. CIV 12-0054, before consolidation with case No. CIV 11-0858. Accordingly, citations are to the docket number in case No. CIV 12-0054.

has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's ruling is clearly erroneous if "on the entire evidence [the Court] is left with the definite and firm conviction that a mistake has been committed." Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

## ANALYSIS

O'Neill's Objections fail for three reasons. First, O'Neill states that, because he alleges retaliation on the basis of his bringing suit against the Defendants, Defendants bear the burden of repudiating that allegation though a motion. See Objections at 1-3. This statement does not reflect current law. The plaintiff -- not the defendant -- "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)(citing Smith v. Maschner, 899 F.2d 940, 949-50 (10th Cir. 1990)).

Second, O'Neill's allegations of retaliation are not consistent: in his Motion, O'Neill alleges that the Defendants retaliated against him by preventing him from working at his prison job. See Motion at 2. O'Neill now alleges that the Defendants' retaliatory actions have left him "handicapped for life." Objections at 2. O'Neill provides no evidence to substantiate this allegation. O'Neill therefore does not meet the requirement of "alleg[ing] specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

Finally, O'Neill argues that Judge Wormuth is biased against him. He appears to ground this objection in Judge Wormuth's adverse ruling on O'Neill's Motion. Rulings unfavorable to

the movant, however, "do not in themselves call into question the impartiality of a judge." United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006).

In conclusion, the Court cannot soundly conclude that the Judge Wormuth's ruling was clearly erroneous. The Court, having considered O'Neill's Objections, concludes they lack a sound basis in the law or in the facts of the case.

**IT IS ORDERED** that the objections raised in the Plaintiff's Motion Objecting to Dismissal of Retiation [sic], filed September 24, 2012 (Doc. 80), are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Daniel O'Neill
Penitentiary of New Mew Mexico, Santa Fe
Santa Fe, New Mexico

    *Plaintiff pro se*

Michelle A. Bowden
New Mexico Corrections Department
Santa Fe, New Mexico

    *Attorney for Defendants Alfonso Solis, James Lopez,*
    *Dwane Santistaven, and Eddy Ultiaga*